**The below described is SIGNED.**



**Dated: June 25, 2012**    _____
**R. KIMBALL MOSIER**
**U.S. Bankruptcy Judge**

_____

Prepared and Submitted by:

Michael C. Van, Esq.
Utah Bar No. 3876
Clay A. Alger, Esq.
Utah Bar No. 10021
**SHUMWAY VAN & HANSEN**
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Telephone: (702) 478-7770
Facsimile: (702) 478-7779
Email: *michael@shumwayvan.com*
    *Attorneys for Debtor*

## IN THE UNITED STATES BANKRUPTCY COURT

## DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>FASHION PLACE DENTAL, INC.<br><br><br><br>Debtor. | Bankruptcy No. 10-35809<br>[Chapter 11]<br><br>Judge R. Kimball Mosier<br><br>Hearing Date: **May 3, 2012**<br>Hearing Time: **11:00 a.m.**<br>Place:      350 South Main<br>           Salt Lake City, Utah<br>Judge:      R. Kimball Mosier |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER CONFIRMING DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION DATED FEBRUARY 7, 2012

WHEREAS, Fashion Place Dental, Inc. ("Fashion Place"), the Debtor in the above-captioned Chapter 11 Case (the "Debtor"), filed the "Debtor's Second Amended Plan of

Filed: May 17th, 2012

Reorganization Dated February 7, 2012 [ECF Docket No. No. 256] (the "Plan") and Debtor's

Amended Disclosure Statement Dated February 7, 2012 [ECF Docket No. 257] (the

"Disclosure Statement"); and

WHEREAS, on February 22, 2012, the Court entered an Order [ECF Docket No. 276]

(the "Solicitation Order") that, among other things, (a) approved the Disclosure Statement as

containing adequate information pursuant to 11 U.S.C. § 1125 and for use in soliciting votes on

the Plan; (b) approved the form of the Ballot for voting on the Plan; (c) scheduled a hearing on

confirmation of the Plan (the "Confirmation Hearing") for Tuesday, May 3, 2012 at 11:00

a.m.;[1] (d) established 4:00 p.m. Mountain Time on April 27, 2012, as the deadline to object to

the Plan (the "Objection Deadline") and to vote to accept or reject the Plan (the "Voting

Deadline"); and (e) approved the solicitation and voting procedures for the Plan.

WHEREAS, "Solicitation Packages" consisting of (a) Notice of Continued Hearing on

Confirmation of Debtor's Second Amended Plan of Reorganization Dated February 7, 2012

[ECF Docket No. No. 285]; (b) Plan [ECF Docket No. 256]; (c) the Disclosure Statement [ECF

Docket No. 257]; (d) the Solicitation Order [ECF Docket No. 276]; (e) Notice of Immaterial

Modifications to Debtor's Second Amended Plan of Reorganization Dated February 7, 2012

[ECF Docket No. 278]; (f) with respect to those creditors in classes entitled to vote under the

Plan, a Ballot; and (g) Order Approving Motion to Extend Deadline Within Which to Confirm

Chapter 11 Plan Pursuant to 11 U.S.C. §§ 1121(e)(3) and 1129(c) on Order Shortening Time

and Opportunity for Hearing [ECF Docket No. 284], were transmitted to all creditors and

---

[1]   The confirmation hearing was originally scheduled for March 15, 2012, with an objection
deadline of March 13, 2012; however, due to a noticing error the court rescheduled the hearing
to May 3, 2012, established new objection and new voting deadlines. *See* Order Granting
Motion to Extend Deadline Within Which to Confirm Chapter 11 Plan Pursuant to 11 U.S.C.
§§ 1121(e)(3) and 1129(e) on Order Shortening Time ("Order") entered by the Court on
March 28, 2012 [ECF Docket No. No. 287].

parties in interest as set forth in the Certificate of Service filed on March 27, 2012 [ECF Docket No. 286].

WHEREAS, on May 2, 2012, the Debtor filed the Chapter 11 Ballot Register [ECF Docket No. 294] summarizing the results of the Ballots received for the Classes of Claims (Classes 1, 2, and 3) entitled to vote to accept or reject the Plan. In addition, the Debtor filed the Declaration of Dr. Christopher Goodman in Support of Confirmation of the Debtor's Second Amended Plan of Reorganization Dated February 7, 2012 [ECF Docket No. 295] as evidence in support of confirmation; and

WHEREAS, no objections to confirmation of the Plan were received by the Debtor or Debtor's counsel, nor were any objections to confirmation filed with the Court on or before the Objection Deadline;

WHEREAS, the Confirmation Hearing was held on May 3, 2012, at which time evidence was presented and arguments of counsel were made; and

WHEREAS, the Court takes judicial notice of the Docket Report of this Chapter 11 case maintained by the Clerk of this Court, including all pleadings and other documents filed, all orders entered, and evidence and arguments made, proffered, or adduced at the hearings held before the Court during the pendency of this Chapter 11 case.

NOW, THEREFORE, based on the foregoing and upon the Court's review of the pleadings; and upon (a) all the evidence proffered and/or adduced at, pleadings filed in connection with, and arguments of counsel made at, the Confirmation Hearing; (b) the entire record of this Chapter 11 case; and (c) the applicable law, and after due deliberation thereon and good cause appearing therefore, the Court concurrently enters herewith its "Order Confirming Debtor's Second Amended Plan of Reorganization Dated February 7, 2012" (the "Confirmation Order"). In support of the Confirmation Order, the Court hereby enters the

following Findings of Fact and Conclusion of Law, as supplemented by any findings of fact and conclusion of law stated orally and reported in open court on the record at the Confirmation Hearing, which are incorporated herein (the "Findings"), pursuant to Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure.

<u>**FINDINGS OF FACT AND CONCLUSIONS OF LAW**</u>

A.     This Court has jurisdiction over this Chapter 11 case pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

B.     There have been no objections filed to confirmation of the Plan.

C.     Solicitation Packages were transmitted and served in compliance with the Solicitation Order, the applicable Bankruptcy Code sections and Bankruptcy Rules, and such transmittal and service were adequate and sufficient, and not other or further notice is or shall be required.

D.     Votes to accept or reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Solicitation Order, and all other applicable laws, rules, regulations, and industry practice. All Persons, including the Debtor, have acted in good faith with respect to the solicitation of votes on the Plan and thus are entitled to the protections of 11 U.S.C. § 1125(e).

E.     The Debtor has met the burden of proving the elements of 11 U.S.C. § 1129(a) and (b) by a preponderance of evidence.

F.     **11. U.S.C. § 1129(a)**. The Debtor has met its burden of establishing that the Plan satisfies all of the requirements of 11 U.S.C. § 1129(a) as follows:

1.   **11 U.S.C. § 1129(a)(1)**. The Plan complies with the applicable provisions of the Bankruptcy Code, including 11 U.S.C. §§ 1122 and 1123, thereby satisfying 11 U.S.C. 1129(a)(1), as follows:

(a)   Section 1122(a). The Plan designates four (4) Classes of Claims or Equity Interests. The Claims or Equity Interests placed in each Class are substantially similar to other Claims or Equity Interests, as the case may be, in each such Class.

(b)   Section 1122(a)(1)-(4). The Plan designates Classes of Claims and Equity Interests, specifies any Class of Claims and Equity Interests that is not impaired under the Plan, specifies the treatment of all impaired Classes, and provides the same treatment for each Claim or Equity Interest within each Class.

(c)   11 U.S.C. § 1123(a)(5). Article VIII of the Plan and various other provisions of the Plan provide adequate and proper means for the Plan's implementation.

(d)   11 U.S.C. § 1123(a)(7). Article VIII ¶ F of the Plan states that the current management and ownership of the Debtor will remain the same, which structure is consistent with the interests of creditors, the Equity Security Holder, and public policy.

(e)   11 U.S.C. 1123(b)(1).   The Plan impairs or leaves unimpaired Classes of Claims or Equity Interests.

(f)   11 U.S.C. 1123(b)(2).   The Plan provides for the assumption, rejection and assignment of executory contracts and unexpired leases, and the assumption, rejection, and assignment of such executory contracts and unexpired leases is proper and appropriate under 11 U.S.C. § 365.

(g)   11 U.S.C. § 1123(b)(3).  The Plan appropriately provides for the settlement and/or adjustment of Claims belonging to the Debtor and for the Debtor's retention of rights to resolve all Disputed Claims.

(h)   11 U.S.C. § 1123(b)(6). The provisions of the Plan are appropriate and not inconsistent with applicable law.

2.   **11 U.S.C. § 1129(a)(2)**. The Debtor has complied with all of the applicable provisions of the Bankruptcy Code, thereby satisfying 11 U.S.C. 1129(a)(2). Specifically,

(a)   The Debtor is qualified to be a chapter 11 debtor under 11 U.S.C. § 109.

(b)   The Debtor has complied with the applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of this Court.

(c)   The Debtor has complied with the applicable provisions of the Bankruptcy Code, including 11 U.S.C. §§ 1125 and 1126, the Bankruptcy Rules, and the Solicitation Order in transmitting the Plan, Disclosure Statement, Ballots, and related documents and notices and in soliciting and tabulating votes on the Plan.

3.   **11 U.S.C. § 1129(a)(3)**. The Debtor has proposed the Plan in good faith and not by and means forbidden by law. The Debtor's good faith is evident from the facts and records of this Chapter 11 case, the Disclosure Statement and the hearing thereon, and the record of the Confirmation Hearing and other proceedings held in this Chapter 11 case. The Plan is the product of significant and arms length negotiations by and between the Debtor and Bank of Utah, and other parties in interest, and was

proposed with the legitimate and honest purpose of effectuating a successful reorganization of the Debtor.

4.      **11 U.S.C. § 1129(a)(4)**.  Any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with this Chapter 11 case, or in connection with the Plan and incident to this Chapter 11 case, has been approved by, or is subject to the approval of, this Court as reasonable, thereby satisfying 11 U.S.C. § 1129(a)(4).

5.      **11 U.S.C. § 1129(a)(5)**. The management and ownership structure of the Debtor disclosed in the Disclosure Statement are sufficient to satisfy this section of the Bankruptcy Code.

6.      **11 U.S.C. § 1129(a)(6)**.  The Plan does not provide for any changes in rates established or approved by or otherwise subject to, any governmental regulatory commission. Thus, this section of the Bankruptcy Code is not applicable in this Chapter 11 case.

7.      **11 U.S.C. § 1129(a)(7)**.  The liquidation analysis provided in the Disclosure Statement and other evidence proffered or adduced at the Confirmation Hearing (a) are persuasive and credible; (b) have not been controverted by other evidence; and (c) establish that each Holder of a Claim or Equity Interest in an impaired Class either (i) has accepted the Plan; or (ii) will receive or retain under the Plan, on account of such Claim or Equity Interest, property of a value, as of the Effective Date, that is not less than the amount that such Holder would receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date.

8.    **11 U.S.C. § 1129(a)(8)**.  Each Class of Claims or Equity Interests (a) has accepted the Plan; or (b) is not impaired under the Plan and therefore conclusively presumed to have accepted the Plan.

9    **11 U.S.C. § 1129(a)(9)**. The treatment of Administrative Expense Claims, under the Plan satisfies the requirements of this section of the Bankruptcy Code.

10.    **11 U.S.C § 1129(a)(10)**.  At least one Class of Claims that is impaired under the Plan has accepted the Plan, determined without including acceptance of the Plan by any insider.

11.    **11 U.S.C. § 1129(a)(11)**.  The evidence proffered, adduced, or presented at the Confirmation Hearing (a) is persuasive and credible; (b) has not been controverted by other evidence; and (c) establishes that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor of any successor.

12.    **11 U.S.C. § 1129(a)(12)**.  All fees payable under 28 U.S.C. § 1930, as determined by this Court, have been paid or will be paid pursuant to the Plan.

13.    **11 U.S.C. § 1129(a)(13)**. The Debtor is not subject to any retiree benefits as defined in 11 U.S.C. § 1114.

14.    **11 U.S.C. § 1129(a)(14)**.  The requirements of this section of the Bankruptcy Code which mandate the payment of domestic support obligations are inapplicable to this business Debtor.

15.    **11 U.S.C. § 1129(a)(15)**.  The requirements of this section of the Bankruptcy Code which applies only to cases where the debtor is an individual are inapplicable to this business Debtor.

16. **11 U.S.C. § 1129(a)(16)**. The requirements of this section of the Bankruptcy Code which only apply to "the transfer of property by a corporation or trust that is not a moneyed business, or commercial corporation or trust[,]" are inapplicable because the Debtor is a moneyed business or commercial corporation.

G.    **11 U.S.C. § 1129(b)**. The Debtor has met its burden of establishing that the Plan satisfies 11 U.S.C. § 1129(b) as the majority of all Classes impaired under the Plan (Class 2 did not vote) have voted to accept the Plan and, in any event, based upon the evidence proffered, adduced, or presented by the Debtor at the Confirmation Hearing, the Plan is "fair and equitable."

H.    There has been no request by a governmental unit that the Plan not be confirmed because the principal purpose of the Plan is the avoidance of taxes or avoidance of the application of section 5 of the Securities Act of 1993 (15 U.S.C. § 77e).

I.    All conditions precedent to confirmation of the Plan have been satisfied.

J.    Based on the uncontroverted, persuasive and credible evidence, the agreements, transactions and transfers authorized herein and by the Confirmation Order are fair, equitable and reasonable, are entered into in good faith, are in the best interests of the Debtor and its creditors, and provide adequate means for implementing the Plan.

K.    As set forth in Article 9 ¶ A of the Plan, the Debtor is entitled to a discharge under 11 U.S.C. § 1141(d), and as of the Effective Date of the Plan, the injunction set forth in 11 U.S.C. § 1141(c) shall apply.

L.    The Court's retention of jurisdiction is appropriate and comports with the parameters set forth in 11 U.S.C. § 1142 and 28 U.S.C. § 157.

M.    Based on the foregoing, The Plan shall be confirmed and the Court shall enter the Confirmation Order. The Debtor has met its burden of showing that the requirements of 11 U.S.C. § 1129 have been satisfied.

N.    The provisions of the Plan, including all documents incorporated as part of the Plan, these Findings, and the Confirmation Order shall bind all parties to the confirmed Plan pursuant to 11 U.S.C. § 1141.

O.    All modifications to the Plan or to documents incorporated as part of the Plan, if any, announced prior to the conclusion of the Confirmation Hearing constitute technical changes and/or changes that have either been consented to by the affected party or which do not adversely affect or change the treatment of any other Claims or Equity Interests. Accordingly, pursuant to Bankruptcy Rule 3019, these modifications, if any, do not require additional disclosure under 11 U.S.C. §§ 1125 or 1127(a), or re-solicitation of votes under 11 U.S.C. § 1126, nor do they require that Holders of Claims or Equity Interests be afforded an opportunity to change previously cast acceptances or rejections of the Plan. The Plan if so modified meets the requirements of 11 U.S.C. §§ 1122 and 1123. Such modifications shall be deemed accepted by each Holder of a Claim or Equity Interest who has previously voted to accept the Plan.

P.    Each term and provision of the Plan is valid and enforceable pursuant to its terms.

Q.    Entry of the Confirmation Order shall constitute approval by this Court of the Debtor's assumption of the executory contracts as set forth in Article VII of the Plan.

R.    Unless otherwise provided by law, the reversal or modification of the Confirmation Order and these Findings on appeal shall not affect the validity of the Plan, or any agreement or action authorized by the Confirmation Order or under the Plan with respect

to any entity acting in good faith, whether or not that entity knows of the appeal, unless the Confirmation Order is stayed pending appeal.

      S.   Based on the foregoing Findings of Fact and Conclusions of Law, the Debtor is entitled to entry of the Confirmation Order.

---------------------------END OF DOCUMENT---------------------------

<u>Clerk's Certificate of Service:</u>

Jason D. Boren, Esq. Attorney for Cottonwood Medical Partners, LLC: *borenj@ballardspahr.com; ivory@ballardspahr.com; saltlakedocketclerk@ballardspahr.com; moncurm@ballardspahr.com; goodalem@ballardspahr.com*

United States Trustee's Office: *laurie.cayton@usdoj.gov; james.gee@usdoj.gov; lindsey.huston@usdoj.gov; USTPRegion19.sk.ecf@usdoj.gov*; *Rinehart.peshell@usdoj.gov; Suzanne.verhaal@usdoj.gov*

Michael F. Thomson, Esq., Attorney for Bank of Utah: *mftnotice@djplaw.com*

Michael C. Van, Esq., Attorney for Debtor: *michael@shumwayvan.com; jodi@shumwayvan.com; sandy@shumwayvan.com; ashley@shumwayvan.com; clay@shumwayvan.com; elizabeth@shumwayvan.com*

<u>Also, mailed to the following:</u>

Dr. Christopher E. Goodman
Fashion Place Dental, Inc.
6095 Fashion Blvd. #290
Murray, Utah 84107-7391